# CONTINGENCY FEE AGREEMENT

This agreement made and entered into this 12 day of March 2013 between **Dorothy A. O'Brien, Attorney & Counselor at Law, PLC,** ("counsel"), and Redacted Name (Personal Information), "client"). The client is an employee of **SSAB Iowa Inc. (hereafter referred to as "SSAB")**; and has opted in to participate in the case of *Christopher Grady, et al. v. SSAB Iowa Inc.* We agree:

1. I retain Dorothy O'Brien as my attorney to prosecute my claims for unpaid wages against **SSAB**. I authorize her to do all necessary and proper to achieve a satisfactory result.

2. I agree to pay my attorney as follows:

    (a) 33-1/3 % of the gross amount paid to or received as a result of any settlement if the case is resolved prior to trial.

    (b) If the case proceeds to trial, then I agree to pay 40% of any settlement or decision, or the fee awarded by the court, whichever amount is higher. If an appeal is filed, the fee increases to 45% of the gross amount paid to or received as a result of any settlement, verdict or decision, or the fee awarded by the court, whichever amount is higher.

3. I understand that there have been out of pocket expenses in connection with bringing the case. We anticipate that these expenses will be paid out of a settlement or recovery fund. Examples of out of pocket expenses include:

1


EXHIBIT A

(a) Travel expense
(b) Court filing fees.
(c) Witness fees.
(d) Deposition costs, including paying the court reporter.
(e) Cost of mailing notices.
(f) Possibly the cost of a mediator.

4. I understand that it is likely at some point in the case that there will be settlement negotiations. A settlement involves a compromise. Typically, the company pays to avoid the risk of losing at trial. Similarly, the employees typically agree to take less than their potential top dollar to avoid the risk of losing everything. I agree to accept the reasonable recommendations of my attorney as to any settlement offer. If I am unreasonable, the attorney may resign and will have a lien on one-third (1/3) of the amount of any subsequent recovery equal to or less than the amount of the offer I rejected. Dorothy agrees to keep me informed of the case's progress and settlement negotiations. In addition, I agree that Chris Grady, Casey Robinson, Jr. have my authority to make settlement decisions my behalf in connection with any group/class wide settlement offers. This is necessary because it may be impossible to communicate with every member of the group as we proceed through negotiations.

5. Dorothy has given no guarantee concerning the results of my claims. While Dorothy believes the case will result in a recovery, this is only an opinion. I

understand there is a possibility nothing will be recovered.

6. This claim for unpaid wages and overtime will be brought as a collective action on behalf of client and other employees. I understand that there is a high potential that there would be settlement negotiations that could involve a lump sum of money to be distributed among me and other employees based on our respective claims for overtime. In this event, there could develop a conflict of interest for counsel in that a single sum of money must be divided among various members of the class, including current and former coworkers. I waive any such conflict of interest.

7. I agree to promptly return telephone calls and to cooperate in providing information needed to prosecute the case. I understand that if I fail to keep in touch and provide information, this will hurt my chances of recovery and I could be dropped from the lawsuit. All information I have provided in connection with this case is true.

Redacted Client's Name
and signature

Redacted signature

Dorothy A. O'Brien
Attorney & Counselor at Law, PLC
2322 E. Kimberly Road, Suite 100E
Davenport, IA 52807
(563) 355-6060